**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AMANDA J. MALVEAUX,
Plaintiff-Appellant,

v.

CITY OF DUNN; DUNN POLICE
DEPARTMENT; KENNETH M. SILLS,

Police Chief,
Defendants-Appellees,

and

BOBBY EARL MAYNARD,
Defendant.

No. 99-1434

AMANDA J. MALVEAUX,
Plaintiff-Appellant,

v.

BOBBY EARL MAYNARD,
Defendant-Appellee,

and

CITY OF DUNN; DUNN POLICE
DEPARTMENT; KENNETH M. SILLS,
Police Chief,
Defendants.

No. 99-1541

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-98-172-7-F)

Submitted: December 16, 1999

Decided: December 30, 1999

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry Terrell Zick, LAW OFFICES OF TERRY TERRELL ZICK,
Wilmington, North Carolina, for Appellant. Reginald B. Gillespie, Jr.,
Keith D. Burns, FAISON & GILLESPIE, Durham, North Carolina;
Maranda J. Freeman, CRANFILL, SUMNER & HARTZOG, L.L.P.,
Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Amanda J. Malveaux appeals the
district court's dismissal of her employment discrimination action
against the City of Dunn, Dunn Police Department, and Kenneth M.
Sills (No. 99-1434); and Bobby Earl Maynard (No. 99-1541), in
which she raised claims based on violations of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e-5 (1994). The district court
dismissed the suit because Malveaux failed to file a charge of dis-
crimination with the Equal Employment Opportunity Commission
("EEOC") within 180 days of the date of the alleged unlawful
employment practice. It is on this ground alone that Malveaux
appeals, claiming that she had 300 days, pursuant to 42 U.S.C.
§ 2000e-5(e), in which to file her charge with the EEOC.

2

We agree with the district court that Malveaux's action is time-barred. The aggrieved person is required to have filed a charge with the EEOC within 180 days of the alleged discriminatory act or within 300 days of the alleged discriminatory act if state or local proceedings were initiated. See 42 U.S.C. § 2000e-5(e)(1) (1994); Beall v. Abbott Labs., 130 F.3d 614, 620 (4th Cir. 1997). The failure to file a timely complaint with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994).

It is undisputed that December 17, 1996, the date of Malveaux's termination, is the date of the last alleged unlawful employment practice. A review of Malveaux's complaint and its exhibits reveals that she filed her charge with the EEOC on August 21, 1997, almost 250 days after she was terminated. Malveaux does not allege, nor does the record reflect, that she initially filed a complaint with a State or local agency with authority to grant or seek relief from the discriminatory practices she alleges, such that the enlargement of the filing period to 300 days would apply to her case. Nor can she point to any discriminatory action that took place within 180 days of the date she filed her charge with the EEOC.

Accordingly, Malveaux's failure to file a timely charge of discrimination was fatal to federal jurisdiction and requires us to affirm the district court's dismissal of her action. We dispense with oral argument on these appeals because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3